1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                          EASTERN DISTRICT OF CALIFORNIA

8

9  ABRAHAM BETANCOURT,              )        No. CV-F-06-024 REC
                                    )        (No. CR-F-93-5046 MDC)
10                                  )
                                    )        ORDER DISMISSING THIRD
11                   Petitioner,    )        MOTION TO VACATE, SET ASIDE
                                    )        OR CORRECT SENTENCE PURSUANT
12             vs.                  )        TO 28 U.S.C. § 2255 AND
                                    )        DIRECTING ENTRY OF JUDGMENT
13                                  )        FOR RESPONDENT
   UNITED STATES OF AMERICA,        )
14                                  )
                                    )
15                   Respondent.    )
                                    )
16  _____)

17        On January 9, 2006, petitioner Abraham Betancourt filed a

18  motion to vacate, set aside or correct sentence pursuant to 28

19  U.S.C. § 2255.

20        Petitioner was convicted by jury trial on October 7, 1993

21  of conspiracy to manufacture a controlled substance,

22  manufacturing a controlled substance and possession of a

23  controlled substance with intent to distribute.  Petitioner was

24  sentenced on February 28, 1994 to 324 months imprisonment.

25  Petitioner did not file an appeal.  On April 15, 1997, petitioner

26  filed a motion pursuant to Section 2255.  By Order filed on

                                     1

1   October 21, 1997, petitioner's motion was dismissed.  Petitioner

2   did not appeal the dismissal of this Section 2255 motion.  On

3   January 31, 2005, petitioner filed another Section 2255 motion.

4   This motion was denied by Order filed on February 4, 2005.

5   Petitioner did not appeal the denial of this motion.

6        In his third motion for relief under Section 2255,

7   petitioner asserts that he is entitled to relief because of the

8   Supreme Court's decision in United States v. Booker, 543 U.S. 220

9   (2005).

10       Petitioner, citing McClesky v. Zant, 499 U.S. 467 (1991),

11  argues that the instant motion should not be construed by this

12  court as a "second or successive" motion because his challenge to

13  his sentence under Booker is a new issue that did not exist and

14  could not have been raised at the time he filed his initial

15  Section 2255 motion.

16       It is not necessary for the court to resolve this issue.

17  Even assuming that petitioner's position is correct, petitioner

18  would not be entitled to relief.  Booker is not retroactive to

19  cases on collateral review.  United States v. Cruz, 423 F.3d 1119

20  (9th Cir. 2005).[1]

21       ACCORDINGLY:

22       1.   Petitioner Abraham Betancourt's motion to vacate, set

23

24       [1]Petitioner argues that the court should hold the instant
    motion in abeyance pending resolution by the Supreme Court of
25  Washington v. Recuenco, No. 05-83.  The court denies this request.
    The issue before the Supreme Court in Recuenco does not address the
26  applicability of Booker to cases on collateral review.

2

1  aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

2      2.  The Clerk is directed to enter judgment for respondent.

3  IT IS SO ORDERED.

4  **Dated:  January 11, 2006**            /s/ Robert E. Coyle
   668554                       UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3